UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| WHOLESALE MILLWORK, LLC<br>6300 Erdman Avenue<br>Baltimore, Maryland 21205<br><br>   *Plaintiff*,<br>v.<br><br>STEVEN R. BRALLIER<br>12744 Yacht Club Circle<br>Fort Myers, Florida 33919<br><br>   *Defendant*. | *<br><br>*<br><br>* Civil Action No.:<br><br>*<br><br>*<br><br>*<br><br>* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff Wholesale Millwork, LLC ("Wholesale Millwork" or "the Company"), by and through undersigned counsel, files this Complaint against Defendant Steven R. Brallier ("Brallier" or "Defendant"), and states:

### Introduction

1. Brallier is a former president of Wholesale Millwork, Inc. (the "Wholesale Corporation"), a wholly owned subsidiary of Wholesale Millwork, as well as a former General Manager and member of Wholesale Millwork. He held a position of trust and esteem among his executive team, fellow members, and employees.

2. Instead of using his trust and influence for the good of Wholesale Millwork and Wholesale Corporation, Brallier took advantage of an internal accounting mistake of which he should have been aware to increase the value of his individual membership interest in Wholesale Millwork. His actions resulted in financial damage to the company, its other members and the Wholesale Corporation.

3. In or about November of 2022, Brallier was planning to retire as President of the Wholesale Corporation and as General Manager and member of Wholesale Millwork. He was negotiating a redemption of his membership rights and interests, hereinafter referred to as "membership interests," in the company.

4. The value of Wholesale Millwork's membership interests was determined by a formula set forth in the company's 2018 Operating Agreement, as amended, (the "Operating Agreement") to which all members had assented. **Exhibit 1**. Brallier acted in a grossly negligent fashion by utilizing an internal accounting mistake to depart from this formula. By doing so, he increased the value of his membership interests by $1,336,683.18.

5. Brallier then voluntarily executed a Redemption Agreement (**Exhibit 2**) on or about January 1, 2023 that incorporated this accounting mistake, which he should have known was being made, resulting in him receiving a cash buyout that was $1,336,683.18 greater than the actual value of his membership interests.

6. This substantial seven-figure increase in the redemption price for his membership interests should have been clear and obvious to Brallier. As president of the Wholesale Corporation and General Manager of Wholesale Millwork, he had knowledge of the company's finances, accounting, and the method of membership interest valuation detailed in the company's 2018 Operating Agreement.

7. Nevertheless, Brallier allowed the $1,336,683.18 overpayment in his favor. He did not arrange any secondary review by another member of the company or by an outside party to confirm the calculation had been done accurately. This was a necessary safeguard he should have taken due to his buyout package being one of the largest in the company's history, and because of his unique position in both the Wholesale Corporation and the company.

2

8. When Wholesale Millwork discovered the error on or about November of 2024, it sought repayment from Brallier. He refused.

9. Wholesale Millwork now brings this case for declaratory judgment and damages against Brallier, seeking: (1) a declaration as to the rights and obligations of the parties under the 2018 Operating Agreement; (2) reformation of the 2023 Redemption Agreement so that it conforms with the membership interests compensation formula contained in the 2018 Operating Agreement; and (3) monetary damages for breach of contract, breach of fiduciary duty, and unjust enrichment.

### The Parties

10. Wholesale Millwork is a Maryland limited liability company organized and existing under the laws of the State of Maryland, in good standing, with its principal place of business located at 6300 Erdman Avenue in Baltimore City. Wholesale Millwork is the sole owner of the Wholesale Corporation, a Maryland corporation, in good standing.

11. Steven Brallier is a natural person residing at 12744 Yacht Club Circle in Fort Myers, Florida.

### Jurisdiction

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000. There is complete diversity between the parties, as Wholesale Millwork is a citizen of Maryland and Brallier is a resident of Florida.

13. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the Maryland state law claims alleged in this Complaint.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Wholesale Millwork is a Maryland LLC, in good standing, with its primary office in Maryland. A substantial part of the events or omissions giving rise to the claims occurred in Maryland, and

3

the Redemption Agreement and Operating Agreement were executed and performed in Maryland. The effects of Brallier's wrongful conduct occurred, and continues to occur, in Maryland.

15. Venue is also proper in Maryland because the 2018 Operating Agreement provides that Maryland law governs the agreement and that venue for all disputes shall be in Maryland.

16. This Court has personal jurisdiction over Brallier because he has purposefully, intentionally, and knowingly committed tortious acts within the State of Maryland, and has consented to jurisdiction within the State of Maryland.

17. This action is timely commenced within all applicable statutes of limitations and repose.

18. There is no unperformed condition precedent to the bringing of this action by Wholesale Millwork.

### Factual Allegations Common to All Counts

19. Wholesale Millwork is a closely-held Maryland LLC that distributes high-quality building products to independent lumber yards in the Mid-Atlantic area. It has been in business since 2003, and specializes in the distribution of crown moulding, millwork, railing, pvc, and other related building materials.

20. Wholesale Millwork is the sole shareholder of the Wholesale Corporation, and as such the Wholesale Corporation is a wholly owned subsidiary of Wholesale Millwork, engaged in the same business as Wholesale Millwork.

21. Brallier is the former president of the Wholesale Corporation, a position he held from 2016 to 2023. He is also the former General Manager of Wholesale Millwork, a position he held from 2016 until December 2023. By his occupying both positions, a fiduciary or

confidential relationship existed. Brallier held 21.2152 Wholesale Millwork membership interests until 2023.

22. In 2023, Wholesale Millwork bought out membership interests of certain members in an attempt to restructure and transition to new executive leadership.

23. On or about January 1, 2023, Wholesale Millwork and Brallier entered into a Redemption Agreement (the "Redemption Agreement"), whereby Wholesale Millwork agreed to purchase all of Brallier's membership interests in the company.

24. The Redemption Agreement incorporated Wholesale Millwork's September 28, 2018 Operating Agreement (the "Operating Agreement"), which specified the method for calculating the fair value of a member's membership interest.

25. The Operating Agreement required that the "value of a member's membership rights & interests" be calculated by applying a specified formula, including the subtraction of the company's redemption debt.

26. Specifically, the Operating Agreement defined the stock calculation formula as:

> Value of the Member's Membership Rights & Interests" and/or "Value of the Member's Membership Rights" in the Company shall mean and be determined by
>
> (i) taking the average annual earnings before income taxes, depreciation and amortization of the Corporation, Wholesale Millwork, Inc., during its last five (5) complete fiscal years prior to the event giving rise to the purchase as shown on the Corporation, Wholesale Millwork, Inc's, Financial statements (or the average annual earnings before income taxes, depreciation and amortization of the Corporation, Wholesale Millwork, Inc., if it has been in existence for a period of less than five (5) complete fiscal years prior to the event giving rise to the purchase), and multiplying that average annual earnings amount by (5) and subtracting from the product so obtained any Redemption Debt of the Company, and
>
> (ii) multiply the amount determined in subparagraph (i) by the percentage of ownership of the Company in the issued and outstanding shares of stock of the Corporation as of the applicable event giving rise to the purchase, and

(iii)   multiplying the amount determined in subparagraph (ii) by the Member's percentage of Economic Interests set forth after the Member's name on Exhibit A, as amended from time to time, as of the event giving rise to the purchase, and

(iv)   multiplying the amount determined in subparagraph (iii) by the Vested Percentage of the Member.

"Vested Percentage of the Member" shall be determined and based on the number of full calendar months of employment of the Member by the Corporation using the schedule hereafter set forth:

| # of Full Calendar Months | Vested Percentage of Member |
| --- | --- |
| 0-12 | 0% |
| 13-24 | 10% |
| 25-36 | 20% |
| 37-48 | 50% |
| 49-60 | 65% |
| 61-72 | 80% |
| 73 and thereafter | 100% |

**Exhibit 1.**

27.   Prior to the execution of the Agreement, Brallier, through communications on or about September 8, 2022, falsely represented to the company that the value of a membership interest in Wholesale Millwork was $294,068, and that his 21.2152 membership interests were worth $6,238,711, when he was in a position to know that the value of his membership interests was *not* worth $6,238,711 if calculated correctly pursuant to the Operating Agreement.

28.   Brallier's misrepresentation was based on the membership interests calculation conducted by Wholesale Millwork's internal accountant. Due to an internal accounting error, the existing redemption debt of the company was incorrectly *added* to the value of the company, when it should have been *subtracted* from the value of the company. This was shown as a line item labeled "acquisition debt salary" on the accountant's calculation worksheets.

6

29. The improper added value for acquisition debt salary was a five-year average of $1,287,925. Because a 5-times multiplier was then applied to the value of the company, this accounting error added a total of $6,439,627 to the valuation of the company.

30. Had this accounting mistake not occurred, the existing redemption debt of the company would have been properly *subtracted* from the company's value instead of being *added* to the company's value, and Brallier's membership interest would have been correctly calculated as $4,872,028.25.

31. The accounting mistake should have been clear and obvious to Brallier. This was not a rounding error, but a $1,336,683.18 *increase* in the value of his membership interests, which would be paid in monthly installments over fifteen (15) years. Brallier would have immediately noticed such a significant jump in his membership interests valuation, and he was in a position to know of the accounting mistake that significantly increased his membership interests valuation.

32. Separate and apart from the shock Brallier would have experienced at realizing that his membership interest had suddenly increased by over one million dollars, his position as the Wholesale Corporation president and Wholesale Millwork's General Manager afforded him specialized knowledge of the company that also would have instantly alerted him to the membership interest valuation error. This knowledge included Wholesale Millwork's financial standing, accounting, and, most importantly, the method of calculating individuals' membership interests under the 2018 Operating Agreement.

33. Brallier, due to the fact that a fiduciary or confidential relationship existed, should have consulted an outside accounting firm to verify the buyout values for such a large transaction. Instead, he (1) turned his back on the company the Wholesale Corporation, and his fellow members; (2) ignored his fiduciary duties; (3) disregarded the 2018 Operating Agreement;

7

and (4) took unconscionable advantage of the accounting mistake at the expense of Wholesale Millwork and its members.

## COUNT I
### Breach of Contract – 2018 Operating Agreement

34. Wholesale Millwork repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

35. Brallier voluntarily agreed to the 2018 Operating Agreement that provided the precise formula for how individual membership shares were to be calculated.

36. Brallier and Wholesale Millwork engaged in negotiations that culminated in the parties entering the 2023 Redemption Agreement, which contained the accounting error that resulted in the $1,336,683.18 overpayment to Brallier for his membership interest.

37. The Redemption Agreement expressly incorporates the provisions of the 2018 Operating Agreement, which sets forth the formula for determining the value of a member's interests, including the subtraction of the Company's redemption debt in calculating the redemption price.

38. Through mutual mistake — or, alternatively, through Defendant's knowing misrepresentation and unilateral mistake on Plaintiff's part — the Agreement reflects an incorrect valuation formula that improperly added rather than subtracted the Company's redemption debt, thereby inflating the redemption price to $6,238,711, instead of the correct value of $4,872,028.25.

39. Wholesale Millwork has performed its obligations under the Redemption Agreement, including making redemption payments to Brallier, but Brallier has refused to accept correction of the calculation or return overpayments made to date.

40. As a result of this accounting error, the Redemption Agreement does not reflect the true intent of the parties, which was to redeem Brallier's membership interests strictly according to the valuation methodology in the Operating Agreement.

41. Under Maryland law, when a written contract fails to reflect the parties' mutual intent due to mistake or misrepresentation, a court of equity may reform the contract to express the terms actually agreed upon and intended by the parties.

42. Wholesale Millwork is entitled to reformation of the Redemption Agreement to incorporate the proper formula from the Operating Agreement for calculating Brallier's membership interests, along with damages for the overpayments already made based on the erroneous valuation.

43. As a direct and proximate result of Defendant's breach and refusal to honor the correct valuation, Plaintiff has suffered monetary damages exceeding $1,336,683.18, plus interest, with continuing harm until the Agreement is reformed and corrected.

WHEREFORE, Wholesale Millwork respectfully requests that this Court:

a. Reform the Redemption Agreement to reflect the correct valuation formula from the 2018 Operating Agreement;

b. Enter judgment in favor of Wholesale Millwork for damages in excess of $75,000;

c. Award Wholesale Millwork its reasonable attorney's fees, pre-judgment interest, post-judgment interest, and costs; and

d. Award such other and further relief as this Court deems just and proper.

### COUNT II
### Declaratory Judgment
### 28 U.S.C.S. § 2201, *et seq.*

44. Wholesale Millwork repeats and realleges the allegations in the foregoing paragraphs as if fully set forth herein.

45. An actual, immediate, and substantial controversy exists between Wholesale Millwork and Brallier regarding the proper calculation of the redemption price and the continuing payment obligations under the Redemption Agreement.

46. Wholesale Millwork contends that the true redemption price is approximately $4,872,028.25, calculated in accordance with the formula set forth in the Operating Agreement.

47. Brallier, by contrast, has asserted that he is entitled to the inflated redemption price of $6,238,711, which was based upon the undisputed internal accounting error that Brallier was made aware of in November of 2024. Brallier has claimed he is entitled to the inflated redemption price even though he was in a position to know prior to the execution of the Redemption Agreement of the undisputed internal accounting error, and thereafter wrongfully and unconscionably took advantage of the mistake in valuation.

48. Brallier has continued to accept monthly payments based on that inflated figure.

49. There is an actual, present, practical need for the declaration, which deals with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts, and will terminate a controversy and remove an uncertainty.

50. Declaratory relief under 28 U.S.C. § 2201 is necessary to resolve this dispute, prevent further harm to Wholesale Millwork from continued overpayments, and to clarify the parties' rights and obligations going forward.

WHEREFORE, Wholesale Millwork seeks a declaration from this Court that:

(a) The correct redemption price for Brallier's membership interests is $4,872,028.25;

(b) All payments premised upon the incorrect and inflated $6,238,711 price are overpayments which Wholesale Millwork is entitled to recover;

(c) Wholesale Millwork is entitled to offset or recover any overpayments against any future payment obligations, as well as interest as may be caused by virtue of the improper conduct as alleged herein;

(d) Awards Wholesale Millwork exemplary damages in an amount sufficient to promote fairness and justice as a matter of public policy and to deter Brallier and other individuals or entities from engaging in similarly willful and malicious conduct in the future;

(e) Award Wholesale Millwork its reasonable attorneys' fees, pre- and post-judgment interest, and costs; and

(f) Award such other relief as the Court deems just and proper.

## COUNT III
### Breach of Fiduciary Duty

51. Wholesale Millwork incorporates the foregoing paragraphs as if fully set forth herein.

52. At the time of the Redemption Agreement and the calculation of the redemption price, Brallier, as the President of the Wholesale Corporation and the General Manager of and member in Wholesale Millwork, owed fiduciary duties of loyalty, candor, and good faith to the company, the Wholesale Corporation, and other members of Wholesale Millwork.

53. Brallier breached his fiduciary duties of loyalty, candor, and good faith by (a) not verifying the true value of his membership interests; (b) accepting inflated redemption payments stemming from the accounting error, which he was in a position to know prior to the execution of the Redemption Agreement, and resulting overpayments; and (c) failing to disclose to Wholesale Millwork that the redemption price was premised on an erroneous calculation that departed from the 2018 Operating Agreement, and overcompensated him in the amount of $1,336,683.18.

54. Brallier's conduct was grossly negligent and in bad faith, and resulted in him enriching himself—all while he was in a position to know of the accounting error prior to the execution of the Redemption Agreement—at the expense of Wholesale Millwork and its remaining members.

55. As a direct and proximate result of Brallier's numerous breaches of fiduciary duties, Wholesale Millwork has sustained and will continue to sustain damages, including but not limited to overpayments exceeding $1,336,683.18, loss of capital, and legal fees incurred to address Defendant's wrongful conduct.

WHEREFORE, Wholesale Millwork demands that this Court:

(a) Enter judgment for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) against Brallier;

(b) Award Wholesale Millwork punitive damages;

(c) Award Wholesale Millwork its reasonable attorneys' fees, pre-judgment interest, post-judgment interest, and costs; and

(d) Award such other relief as the Court deems just and proper.

## COUNT IV
### Unjust Enrichment

56. The foregoing paragraphs of this Complaint are incorporated by reference as if more fully set forth herein.

57. Brallier has received, and continues to receive, payments far in excess of the value of his membership interests as it should have been properly calculated in accordance with the 2018 Operating Agreement.

58. Brallier's retention of these funds is wrongful and inequitable because the inflated value of his membership interests was due to an internal accounting mistake that Brallier had full knowledge of, but failed to disclose to the company.

59. Brallier is unjustly enriched, at the expense of Wholesale Millwork, by at least $1,336,683.18, plus additional interest and ongoing overpayments, all at Wholesale Millwork's expense.

60. Equity and good conscience require that Brallier disgorge and return all overpaid amounts to Wholesale Millwork, together with pre- and post-judgment interest.

WHEREFORE, Wholesale Millwork demands that this Court:

(a) Enter judgment for compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) against Brallier;

(b) Award Wholesale Millwork its reasonable attorneys' fees, pre-judgment interest, post-judgment interest, and costs; and

(c) Award such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Vincent P. Jackson
Vincent P. Jackson, # 20878
Kollman & Saucier, P.A.
606 Bosley Avenue, Suite 3B
Towson, MD 21204
(410) 727-4300 – Phone
(410) 727-4391 - Fax
vjackson@kollmanlaw.com

*Attorneys for Plaintiff Wholesale Millwork, LLC*